TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
SHAWN T. ANDREWS (Cal. Bar No. 319565)
Assistant United States Attorney
Deputy Chief, Major Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6104
     Facsimile: (213) 894-3713
     E-mail:    shawn.andrews@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-545(A)-AB-7, 11, 23 |
|---|---|
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION FOR ORDER COMPELLING DEFENDANTS ORLANDO OLIVAR, CHRISTOPHER MARTIR, AND BYRON CHINCHILLA TO SUBMIT TO PHOTOGRAPHING |
| v. | |
| ELI GRIJALVA, et al. | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Shawn T. Andrews, hereby moves for an order compelling defendants Orlando Olivar ("OLIVAR"), CHRISTOPHER MARTIR ("MARTIR") and BYRON CHINCHILLA ("CHINCHILLA", collectively the "defendants") to submit to photographing.  This application is based upon the attached

memorandum of points and authorities, the attached declaration, the files and records in this case, and such further evidence and arguments as the Court may permit.  The defendants object to the ex parte form of this application and the substance of the application itself.

Dated: March 6, 2026                    Respectfully submitted,

                                        TODD BLANCHE
                                        Deputy Attorney General

                                        BILAL A. ESSAYLI
                                        First Assistant United States
                                        Attorney

                                        ALEXANDER B. SCHWAB
                                        Assistant United States Attorney
                                        Acting Chief, Criminal Division


                                        _____/s/_____
                                        SHAWN T. ANDREWS
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

2

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

The government moves for an order requiring the defendants, to submit to photographing as instructed by government officials, agents, or officers.  As set forth below, compelled photography is non-testimonial and, therefore, the defendants have no right to refuse to permit government agents to obtain a set of photographs of the defendants.

## I. FACTUAL BACKGROUND

In Count One of the First Superseding Indictment ("FSI"), defendants OLIVAR and CHINCHILLA are charged with conspiring to participate in the affairs of a racketeering enterprise, namely MS-13 in Los Angeles.  Then, in Count Five of the FSI, all three defendants are charged with conspiring to possess with intent to distribute and to distribute methamphetamine as part of a pattern of coordinated drug trafficking activity by MS-13 in Los Angeles.[1]  Accordingly, the government will seek to prove that the defendants were associated with (and/or active members of) MS-13.  The government believes that such association and/or membership is probative of the defendants' participation in both conspiracies charged in the FSI.

## II. ARGUMENT

Defendants have no constitutional right to refuse to be photographed.  The Fifth Amendment privilege against self-incrimination only protects an accused "from being compelled to testify against himself or otherwise to provide . . . evidence of a

---

[1] Additionally, each defendant is charged with substantive counts of distribution of methamphetamine under 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).

testimonial or communicative nature." Schmerber v. California, 384 U.S. 757, 761 (1966). The compelled display of "identifiable physical characteristics," however, is not testimonial or communicative in nature, and therefore does not infringe the privilege against self-incrimination. United States v. Dionisio, 410 U.S. 1, 5-6 (1973). As the Supreme Court has explained:

> Both federal and state courts have usually held that [the Fifth Amendment] offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture.

Schmerber, 384 U.S. at 764 (emphasis added); see also Gilbert v.California, 388 U.S. 263, 266-67 (1967) ("The privilege [against self-incrimination] reaches only compulsion of an accused's communications, whatever form they might take . . . and not compulsion of real or physical evidence. . . . A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying characteristic outside [the Fifth Amendment's] protection.") (emphasis added; internal quotation marks and citations omitted). As Justice Holmes explained:

> the prohibition of compelling a man to be witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body when it may be material.

Holt v. United States, 218 U.S. 245, 252-53 (1910). Thus, courts have routinely compelled an accused to provide fingerprints, blood samples, voice exemplars, handwriting samples, to stand in a line-up, to wear particular clothing, and to submit to photographs. See, e.g., Dionisio (voice exemplars); Gilbert (handwriting exemplars);

2

Schmerber (blood samples); United States v. Rangel, CR 17-354(A)-AB, Dkt. No. 87 (an order by the Honorable André Birotte granting the government's request to take fingerprints of a defendant awaiting trial in a possession with intent to distribute methamphetamine trial); United States v. Sandoval, CR 18-774(A)-JAK-3, Dkt. 618 (an order by the Honorable John A. Kronstadt granting the government's request to take fingerprints of a defendant awaiting trial in a drug distribution conspiracy and possession with intent to distribute methamphetamine trial).[2]

**III. CONLUSION**

For the forgoing reasons, the defendants should be ordered to submit to photographing by government agents.

---

[2] Items such as photographs, fingerprints, and handwriting exemplars are often obtained by means of court order before trial. See, e.g., United States v. Lincoln, 494 F.2d 833, 836, 838-39 (9th Cir. 1974)(affirming compulsion of handwriting exemplars shortly before trial).