MANCINI SHENK LLP
 Mark Sedlander (State Bar No. 303933)
 msedlander@mancinishenk.com
1925 Century Park East, Suite 1700
Los Angeles, California  90067
Telephone: (424) 652-4016
Facsimile: (424) 652-4063

Attorneys for Defendant
ORLANDO OLIVAR

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ELI GRIJALVA, *et al.*, <br> ORLANDO OLIVAR <br><br> Defendant. | Case No.: 2:23-cr-00545-AB <br><br> DEFENDANT ORLANDO OLIVAR'S MOTION FOR TRIAL CONTINUANCE, AN ORDER REQUIRING PRODUCTION OF DOCUMENTS AND INFORMATION, AND A BRIEFING SCHEDULE FOR THE GOVERNMENT'S EX PARTE APPLICATION <br><br> Status conference requested: <br> March 19, 2026 |

## I.     INTRODUCTION

With little more than two months before trial, defendant Orlando Olivar remains in the dark about the identity of government witnesses implicating him and the content of their statements to the government.

The government has denied defense requests for the identity of any cooperating witnesses implicating Mr. Olivar and accompanying documentation of their statements to the government. That includes two cooperators about whom the defense learned on March 9, 2026. Trial is scheduled for May 19, 2026. And the defense cannot adequately prepare for trial without the critical information and documents that we have requested, and that are in the government's possession. The government indicates it will produce certain of the requested materials one month before trial, along with its witness list, which the Court ordered one month before trial. One month is not enough. Thus, the defense has no choice but to request a continuance of at least two months, and an order requiring the government to produce the requested information and documents sufficiently in advance of trial such that the defense can adequately prepare.

Separately, the defense requests a briefing schedule for the government's *ex parte* application for an order compelling certain defendants to submit to photographing. (Dkt. 1074.) The defense opposes the government's application for multiple reasons, including on Fourth and Fifth Amendment grounds, and the defense opposes the *ex parte* nature of the government's application. *See* Dkt. 1074 (Declaration of Shawn T. Andrews, ¶¶ 4-6). On March 10, 2026, Judge Stanley Blumenfeld, Jr. denied the government's similar *ex parte* application for an order requiring certain detained defendants to allow photographs of their persons to be taken, including tattoos. *See United States v. Cruz Hernandez,* 2:19-cr-00117-SB (Dkt. 2384) (Exh. A). The defense proposed to the government, and now proposes to the Court, a deadline of April 3, 2026, for defense oppositions and April 17, 2026, for any government reply. The government tells defense counsel that it thinks the Court should grant its application without briefing.

MS

MANCINI SHENK

## II.   CONTINUANCE AND DOCUMENTS

Since 2024, Orlando Olivar's defense team believed that only one cooperator implicated him. On March 9, 2026—about two months before trial—following a defense request to the government, Mr. Olivar's defense team learned that two additional cooperators apparently implicate him. In response to the defense request, the government informed defense counsel that that information was "noted in the reports reviewed by [Mr. Olivar's] team" when his defense team reviewed unredacted cooperator statements at the United States Attorney's Office in February 2026. Whether or not this information was in the voluminous unredacted cooperator statements that Mr. Olivar's defense team reviewed, this revelation simply highlights the need for the government to actually produce cooperator statements in a form that the defense can meaningfully review the substance of those statements. This case has *thirty* defendants. And it appears that no more than about three are going to trial. There is no reason the government cannot now indicate which cooperators it plans to call as witnesses for the few remaining defendants. Aimlessly reviewing all unredacted cooperator statements at the United States Attorney's Office is not enough.

The defense still does not know the identity of two of the three cooperators who allegedly implicate Mr. Olivar. Nor do we know specifically what they have said to the government about Mr. Olivar. The government rejected a March 10, 2026 request for that information. *See* March 10, 2026 email from defense counsel to the government ("Who are the two additional sources, what did they say about Mr. Olivar, and what are the dates of their meetings with government agents? We need to see all documentation of all of their statements (including [identified cooperator's] statements) ASAP pursuant to Jenks/Giglio/3500 and *Brady*.") When the parties and the Court discussed cooperator-statement disclosures at a status conference on April 15, 2025, the Court ordered the government to disclose witness statements one month before trial. (*See* Minute Order, Dkt. 872.) But considering recent developments, it is clear that one month is not enough.

DEFENDANT OLIVAR'S MOTION FOR CONTINUANCE, DOCUMENTS, & SCHEDULE

MANCINI SHENK

The defense cannot prepare effectively when the number of cooperators implicating Mr. Olivar triples two months before trial. This is especially true while the defense is in the dark about any testifying cooperators' identities and what they have said, to who, and in what settings. In addition, the government declined to agree to a request for confirmation that any additional documentation of government-witness statements is produced as it is created, e.g., within 24 hours. Thus, pursuant to *Brady v. Maryland*, *Giglio v. United States*, and 18 U.S.C. § 3500, the defense respectfully requests an order requiring the immediate disclosure of:

1. The identity of all cooperators who have implicated Mr. Olivar;

2. The government's witness list and for all identified witnesses all documents memorializing witness statements with the substance of the statements unredacted, including government notes, and all documents memorializing any benefits to the cooperators, including regarding bond; and

3. Confirmation that any additional documentation of government-witness statements is produced as it is created, i.e., within 24 hours.

The defense recognizes that any cooperator-statement disclosures could implicate safety concerns. We take those concerns seriously. So, we are open to any appropriate constraints that still enable the defense to effectively prepare for trial, e.g., leaving redacted certain portions of government documents like document labels identifying the government agency and the identity of the cooperator, so long as the substance of the statements is unredacted. The defense proposed this accommodation to the government but we have been unable to reach an agreement.

With these sensitive considerations in mind, the defense requests a status conference to discuss the best way to provide access to necessary information and documents while minimizing legitimate safety concerns. A status conference is scheduled for April 24, 2026, but considering recent developments, the defense request for a continuance, the outstanding information and documents, and the pending *ex parte*

MANCINI SHENK

3                                    Case No. 2:23-cr-0545-AB

DEFENDANT OLIVAR'S MOTION FOR CONTINUANCE, DOCUMENTS, & SCHEDULE

application discussed below, the defense requests an additional status conference soon. The parties are available on March 19, 2026.

## III.   BRIEFING SCHEDULE: GOVERNMENT EX PARTE APPLICATION

On March 5, 2026, the government informed the defense by email, including counsel for co-defendants Byron Chinchilla and Christopher Martir, that it planned to file an *ex parte* application seeking an order requiring our clients to meet with a government agent so the government could obtain photos of their tattoos to introduce as exhibits at trial. The government requested counsel's position so it could file the application the following day. All three defense teams objected.

Mr. Olivar submitted the following objection via email, which the government included in a declaration accompanying its application.

> We object to the government's request as it raises serious constitutional issues. We object also to the government's making this request by ex parte application. These important constitutional issues are not appropriate for an unnoticed application with an unknown, possibly expedited briefing schedule. Nothing about the government's request warrants the Court's consideration of an ex parte application, and it should reject the application on those grounds alone, with leave to file a properly noticed motion.

*See* Dkt. 1074 (Declaration of Shawn T. Andrews, ¶¶ 4-6 (including objections from defense counsel for co-defendants Martir and Chinchilla)). The government filed its application on March 6, 2026.

Four days later, Judge Stanley Blumenfeld, Jr. denied the government's similar *ex parte* application for an order requiring certain detained defendants to allow photographs of their persons to be taken, including tattoos. *See United States v. Cruz Hernandez*, 2:19-cr-00117-SB (Dkt. 2384) (Exh. A). Judge Blumenfeld found, among other things, that the government had not shown that the Court should authorize the search outside the warrant process. *Id.* at 2.

In addition, the government's request is vague and would almost certainly lead to

DEFENDANT OLIVAR'S MOTION FOR CONTINUANCE, DOCUMENTS, & SCHEDULE

MANCINI SHENK

confusion and disputes on top of the constitutional violations. It requests an order requiring the defendants "to submit to photographing as instructed by government officials, agents, or officers." *See* Application, 1:1-3; *see also* Proposed Order, 2:5-6. Such unfettered discretion is far afield of what might even be permitted with a warrant, let alone based only on an *ex parte* application.

The government's request to photograph tattoos "to prove that the defendants were associated with (and/or active members of)" a group—in this case a street gang—also raises significant Fifth Amendment concerns. *See* Application, 1:15-17. The Fifth Amendment analysis here is certainly distinct from compelling fingerprints or other physical characteristics for identification. *See* Application, § II (listing dated cases involving physical characteristics and this Court's order granting the government's request to take a defendant's fingerprints). The compelled display of expressive content on one's body to prove membership in a group is a far cry from fingerprints. That does not change just because the artist's work is displayed on a defendant's skin.

In the defense objection as communicated to the government, we indicated that the Court should reject the government's application with leave to file a properly noticed motion. Even after discussing Judge Blumenfeld's order by email and proposing the briefing schedule discussed in this filing, the government still stated that it thinks the Court should grant its application without briefing. Thus, we request the proposed briefing schedule, i.e., oppositions no later than April 3 and any government reply no later than April 17, 2026. The undersigned defense counsel is currently out of the office through March 13, then again from March 20 through March 27. There is no exigency or urgency to the government's request, especially since the government has informed defense counsel that it already has photographs of Mr. Olivar from the day of his arrest.

## IV.    CONCLUSION

Defense counsel cannot adequately prepare for trial without the requested information and documentation that is in the government's possession. For the reasons

DEFENDANT OLIVAR'S MOTION FOR CONTINUANCE, DOCUMENTS, & SCHEDULE

MANCINI SHENK

discussed above, the defense requests (1) a trial continuance of at least two months, (2) an order requiring the government to produce documents and information as described in numbers 1 through 3 in Section II. above, and (3) a briefing schedule requiring any oppositions to the government's pending *ex parte* application (Dkt. 1074) no later than April 3, 2026, and any government reply in support of its application no later than April 17, 2026.

DATED: March 10, 2026

Respectfully submitted,

MANCINI SHENK LLP

By: _____
MARK SEDLANDER
Attorney for Defendant
ORLANDO OLIVAR

DEFENDANT OLIVAR'S MOTION FOR CONTINUANCE, DOCUMENTS, & SCHEDULE

MANCINI SHENK